IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LD WHITE SUGAR CORP. ET AL., Plaintiffs, v. ABLE SALES CO. INC. ET AL., Defendants. | CIV. NO. 19-2099 (SCC) |

**OPINION AND ORDER**

Plaintiffs LD White Sugar Corp., Perfect Sweet Inc., Perfect King Sugar Inc., and Perfecto Rivera-Izquierdo bring this antitrust action against defendants Able Sales Co. Inc., Alvaro Silva, Luis Silva, and the Silvas' spouses and conjugal partnerships. Docket No. 1. But they have not properly served the defendants even after we extended their time to do so. We, therefore, dismiss their complaint without prejudice.

The defendants moved the Court to dismiss the plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) for insufficient service of process and failure to state a claim, respectively. Docket No. 8. They argued, as

relevant, that the plaintiffs improperly served them because they had served the complaint only on Able Sales Co.'s administrative assistant, Carmen Rivera, who is not authorized to receive service of process. Docket No. 8, pg. 7. We agreed that the plaintiffs had not properly served the defendants, quashed service, and ordered them to properly serve the defendants within thirty days. Docket No. 23, pg. 4.

Thirty days later, the plaintiffs—who are *pro se*—asked for an additional thirty days to effectuate service because they were actively seeking counsel. Docket No. 24. We granted their motion. Docket No. 25. After this deadline passed, the defendants renewed their motion to dismiss, arguing again that they had not been properly served. Docket No. 26. They also filed an informative motion, stating that the filings they had sent to the plaintiffs' PO box were returned as unclaimed. Docket No. 27. The Court directed the clerk to mail a copy of the defendants' renewed motion to dismiss to the plaintiffs' last known address. Docket No. 29. But it was returned as

undeliverable. Docket No. 31. The defendants filed another informative motion, stating that they had again tried to mail filings to the plaintiffs, but the filings were returned as undeliverable because the plaintiffs' PO box had been closed. Docket No. 32. The plaintiffs then asked for another thirty days to effectuate service but showed no good cause for it. Docket No. 33, pg. 1. They simply said that "for reason[s] beyond [their] control," the mail that had been sent to them had been returned because their PO box had been closed. *Id.* These thirty days have passed, and the plaintiffs have not yet filed proof of service.

We dismiss the plaintiffs' complaint without prejudice because they have failed to serve the defendants. After we quashed their initial service, we ordered the plaintiffs to serve the defendants within thirty days. *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against

LD WHITE SUGAR CORP. V. ABLE SALES CO. INC.                                    Page 4

that defendant or order that service be made within a specified time."), and despite an additional extension of time, they failed to do so. Moreover, more than thirty days have passed since they asked for another thirty days to effectuate service. To be sure, the plaintiffs are *pro se* and, thus, should be afforded leniency in some respects, but they are not absolved from "complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

In sum, because the plaintiffs have failed to properly and timely serve the defendants, the Court **GRANTS** the defendants' motion to dismiss (Docket No. 26) and **DISMISSES without prejudice** the plaintiffs' complaint (Docket No. 1). *Saez-Rivera v. Nisson Mfg. Co.*, 788 F.2d 819, 821 (1st Cir. 1986) ("[A] dismissal for improper service is without prejudice to refiling the case.").

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of December, 2021.

    S/ SILVIA CARREÑO-COLL
    UNITED STATES DISTRICT COURT JUDGE